E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorney
Santa Ana Branch Office
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3505
    Facsimile: (714) 338-3561
    E-mail:   bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 22-63-JVS |
|        Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANTON NGUYEN |
|          v. | |
| ANTON NGUYEN, | |
|        Defendant. | |

1.   This constitutes the plea agreement between ANTON NGUYEN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in <u>United States v. ANTON NGUYEN</u>, SA CR No. 22-63-JVS,

which charges defendant with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

       h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

       i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

1  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
2  Angeles, CA 90012.   Defendant agrees that defendant's ability to pay
3  criminal debt shall be assessed based on the completed Financial
4  Disclosure Statement and all required supporting documents, as well
5  as other relevant information relating to ability to pay.
6          j.   Authorize the USAO to obtain a credit report upon
7  returning a signed copy of this plea agreement.
8          k.   Consent to the USAO inspecting and copying all of
9  defendant's financial documents and financial information held by the
10 United States Probation and Pretrial Services Office.
11                        THE USAO'S OBLIGATIONS
12 3.    The USAO agrees to:
13         a.   Not contest facts agreed to in this agreement.
14         b.   Abide by all agreements regarding sentencing contained
15 in this agreement.
16         c.   At the time of sentencing, move to dismiss the
17 remaining counts of the indictment as against defendant.   Defendant
18 agrees, however, that at the time of sentencing the Court may
19 consider any dismissed charges in determining the applicable
20 Sentencing Guidelines range, the propriety and extent of any
21 departure from that range, and the sentence to be imposed.
22         d.   At the time of sentencing, provided that defendant
23 demonstrates an acceptance of responsibility for the offense up to
24 and including the time of sentencing, recommend a two-level reduction
25 in the applicable Sentencing Guidelines offense level, pursuant to
26 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
27 additional one-level reduction if available under that section.
28

1    e.    With respect to Count One, recommend that defendant be
2  sentenced to a term of imprisonment no higher than the low end of the
3  applicable Sentencing Guidelines range, provided that the offense
4  level used by the Court to determine that range is 23 or higher and
5  provided that the Court does not depart downward in offense level or
6  criminal history category.  For purposes of this agreement, the low
7  end of the Sentencing Guidelines range is that defined by the
8  Sentencing Table in U.S.S.G. Chapter 5, Part A.

9                          NATURE OF THE OFFENSE

10    4.    Defendant understands that for defendant to be guilty of
11  the crime charged in Count One, that is, Conspiracy to Defraud the
12  United States, in violation of Title 18, United States Code, Section
13  371, the following must be true: (1) beginning on an unknown date,
14  but no later than in or about 2012, and continuing through on or
15  about June 10, 2019, there was an agreement between two or more
16  persons to defraud the United States by obstructing the lawful
17  functions of the Internal Revenue Service by deceitful or dishonest
18  means as alleged in the Indictment; (2) defendant became a member of
19  the conspiracy knowing of at least one of its objects and intending
20  to help accomplish it; and (3) one of the members of the conspiracy
21  performed at least one overt act for the purpose of carrying out the
22  conspiracy.

23                       PENALTIES AND RESTITUTION

24    5.    Defendant understands that the statutory maximum sentence
25  that the Court can impose for a violation of Title 18, United States
26  Code, Section 371, is: 5 years' imprisonment; a 3-year period of
27  supervised release; a fine of $250,000 or twice the gross gain or
28

                                    4

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.     Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $3,773,282.00, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

1   result in defendant serving a total term of imprisonment greater than
2   the statutory maximum stated above.

3        8.   Defendant understands that, by pleading guilty, defendant
4   may be giving up valuable government benefits and valuable civic
5   rights, such as the right to vote, the right to possess a firearm,
6   the right to hold office, and the right to serve on a jury. Defendant
7   understands that he is pleading guilty to a felony and that it is a
8   federal crime for a convicted felon to possess a firearm or
9   ammunition.  Defendant understands that the conviction in this case
10  may also subject defendant to various other collateral consequences,
11  including but not limited to revocation of probation, parole, or
12  supervised release in another case and suspension or revocation of a
13  professional license.  Defendant understands that unanticipated
14  collateral consequences will not serve as grounds to withdraw
15  defendant's guilty plea.

16       9.   Defendant and his counsel have discussed the fact that, and
17  defendant understands that, if defendant is not a United States
18  citizen, the conviction in this case makes it practically inevitable
19  and a virtual certainty that defendant will be removed or deported
20  from the United States.  Defendant may also be denied United States
21  citizenship and admission to the United States in the future.
22  Defendant understands that while there may be arguments that
23  defendant can raise in immigration proceedings to avoid or delay
24  removal, removal is presumptively mandatory and a virtual certainty
25  in this case.  Defendant further understands that removal and
26  immigration consequences are the subject of a separate proceeding and
27  that no one, including his attorney or the Court, can predict to an
28  absolute certainty the effect of his conviction on his immigration

status.   Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail,

even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the

offense to which defendant is agreeing to plead guilty.   Defendant

and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 12 below but is

not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that

relate to that conduct.

Background

Between at least 2012 and 2019, defendant ANTON NGUYEN operated

a tax preparation business known as Century Travel & Tax ("Century

Tax") in Westminster, California, within the Central District of

California.   At all times while operating Century Tax, defendant was

a registered tax preparer with the Internal Revenue Service.

Additionally, defendant was registered with the California Tax

Education Council ("CTEC").   In order for defendant to become a

member with CTEC, he completed no less than 60 hours of instruction

on basic personal income tax law, theory, and practice, including 45

hours of federal income tax instruction.   After his initial

registration, defendant was required to complete at least 20 hours of

additional continuing education units each year to maintain his

registration.

///

7

<u>The Form 1099-Misc Refund Scheme</u>

Beginning in or around 2012 and continuing to in or around 2019, defendant ANTON NGUYEN conspired and aided and abetted in a scheme to defraud the United States by making at least $418,559 in false claims to the United States.  The scheme operated as follows:

Between 2012 and June 10, 2019, defendant and his co-conspirators, including John Tran, filed hundreds of tax returns using Personal Identifying Information ("PII") belonging to other individuals, without those individuals' permission, generating at least $418,559 in tax refund payments from the United States.

To further the scheme and avoid detection by the Internal Revenue Service ("IRS"), defendant and his co-conspirators created false IRS Forms 1099-Misc which purported to report that the victim-taxpayers received income during a particular tax year.  The false IRS Forms 1099-Misc served two functions: first, the IRS Forms 1099-Misc made it appear as though the victim-taxpayers earned income during the tax year, which allowed defendant and his co-conspirators to generate tax refunds through tax credits, such as the Earned Income Tax Credit and Child Tax Credit (both of which require earned income in order for a taxpayer to qualify); and second, as detailed below, the IRS Forms 1099-Misc made it appear as though the issuing companies incurred expenses, which allowed defendant and his co-conspirators, including Kevin Le, Van Quach, and Duc Nguyen, to claim deductions on corporate tax returns thereby lowering the amount of the companies' tax due to the IRS.  The amount of income reported on the false IRS Forms 1099-Misc was designed to allow defendant and his co-conspirators to maximize the amount of the tax refund paid by the IRS by, for example, maximizing the amount of Earned Income Tax

1  Credit and Child Tax Credit claimed on the victim-taxpayers' tax
2  returns.   In addition, and to further avoid detection by the IRS,
3  defendant and his co-conspirators also transmitted Forms 1096 to the
4  IRS for each of the tax years during the scheme.  A Form 1096 or
5  "Annual Summary and Transmittal of U.S. Information Returns" is an
6  informational return sent to the IRS reporting items such as Forms
7  1099-Misc sent to taxpayers.  Put differently, defendant and his co-
8  conspirators utilized Forms 1096 to thwart detection by the IRS by
9  making it appear as though the victim-taxpayers' Forms 1099-Misc were
10 legitimately issued by various companies.

11         For example, on or about February 25, 2015, defendant and co-
12 conspirator John Tran filed or caused to be filed with the IRS a tax
13 return for tax year 2014 in the name of victim-taxpayer H.V.   The tax
14 return, which was prepared by defendant, reported that victim H.V.
15 received $12,908 in income from DT Complete, Inc., as documented by a
16 Form 1099-Misc filed by DT Complete, Inc.  DT Complete, Inc. is a
17 company that John Tran controlled solely for the purpose of
18 generating fraudulent Forms 1099-Misc.  As a result of the tax
19 return, the IRS issued a tax refund in the amount of $2,708 via
20 direct deposit into John Tran's Orange County Credit Union account
21 ending in -5592.

22         Victim-taxpayer H.V. was a former Orange County Social Services
23 Agency ("SSA") client who defendant knew was a real person but who
24 defendant never met and did not have permission to use his PII on the
25 tax return for tax year 2015.  Defendant admits that defendant knew
26 that John Tran obtained victim-taxpayer H.V.'s PII through John
27 Tran's position as a social worker with SSA.
28 ///

The Form 1099-Misc Deduction Scheme

Beginning in or around 2012 and continuing to in or around 2019, defendant ANTON NGUYEN also conspired and aided and abetted in a scheme to evade paying at least $3,354,723 in taxes due and owing to the United States.  The scheme operated as follows:

In order to execute the Form 1099-Misc Refund Scheme, defendant and John Tran needed corporate entities that could report to the IRS that they were the source of the fabricated income reported on the victim-taxpayers' income tax returns and used to generate tax refunds.  Defendant admits that defendant conspired with at least three individuals, Kevin Le, Van Quach, and Duc Nguyen, and their various entities, in the preparation of false tax returns that resulted in a total tax loss to the United States of at least $3,354,723.00.

Specifically, in or around 2012, defendant presented Kevin Le with a way to reduce taxable income and evade taxes owed to the United States by offering to provide Kevin Le with PII for individuals and Taxpayer Identification Numbers ("TIN") for corporations owned or controlled by defendant or other co-conspirators.  Kevin Le would then use the PII and TINs provided by defendant to cause his companies (Telkom Solutions, Inc., Yes Yes Yes Investments, P&J Net Com Inc, MW Communication, Land & Survey Investment Inc) to fabricate Forms 1099-Misc, which, in turn, defendant would aide and assist Kevin Le reporting on corporate tax returns as expenses to reduce taxable income.  Further, defendant advised and assisted Kevin Le in creating several of the corporate entities, including, for example, P&J Net Com Inc and Yes Yes Yes Investment, solely for the purpose of issuing or receiving Forms

1099-Misc as part of the scheme.  For his part, defendant was paid an amount equal to approximately 10% of the value of the fabricated Forms 1099-Misc.  For example, on or about May 2, 2017, defendant received two checks from Kevin Le totaling $26,000 as payment for the fraudulent Forms 1099-Misc.

In or around 2012, defendant also introduced Van Quach and Duc Nguyen to the scheme and offered to provide them with false Forms 1099-Misc using TINs for companies and PII for individuals who did not work with their companies (Van Quach controlled Quality Microwave Systems, LLC and Duc Nugyen controlled DM Dynasty Realty Inc) for the purpose of using the fabricated Forms 1099-Misc to falsely claim expenses and fraudulently reduce taxable income.

Defendant admits that defendant agreed to participate in a conspiracy to defraud the United States with John Tran, Kevin Le, Van Quach, and Duc Nguyen, that defendant knew of the object of the scheme and intended to help accomplish its purpose, and that defendant and his co-conspirators committed various overt acts in furtherance of the scheme.  For example, on or about February 2, 2017, defendant prepared and filed a fraudulent 2016 Form 1120 for co-conspirator Kevin Le's company, Telkom Solutions Inc., which included Fraudulent Forms 1099 in the amount of approximately $1,006,100.  As another example, on or about February 19, 2017, defendant prepared and filed a fraudulent 2016 Form 1040 for T.T. utilizing a Fraudulent Form 1099 in the amount of $12,261 from co-conspirator Tran's company, CN Complete, causing the IRS to issue a tax refund of $2,778.

In total, defendant and his co-conspirators defrauded the United States in the amount of at least $3,773,282.00.

11

1                          SENTENCING FACTORS

2        11.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate up to the maximum set by statute for the crime of

13  conviction.

14       12.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16       Base Offense Level:            24            U.S.S.G. §§ 2T1.9,

17                                                    2T1.4(a)(1), 2T4.1(J)

18       Tax Preparation:              +2            U.S.S.G. § 2T1.4(b)(1)

19

20  Defendant and the USAO reserve the right to argue that additional

21  specific offense characteristics, adjustments, and departures under

22  the Sentencing Guidelines are appropriate.

23       13.  Defendant understands that there is no agreement as to

24  defendant's criminal history or criminal history category.

25       14.  Defendant and the USAO reserve the right to argue for a

26  sentence outside the sentencing range established by the Sentencing

27  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

28  (a)(2), (a)(3), (a)(6), and (a)(7).

                                 12

## WAIVER OF CONSTITUTIONAL RIGHTS

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

16.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those

13

1    digital devices and/or digital media and agrees that if any of these

2    digital devices and/or digital media are returned to defendant, the

3    government may delete all digital data from those digital devices

4    and/or digital media before they are returned to defendant

5                    WAIVER OF APPEAL OF CONVICTION

6         17.  Defendant understands that, with the exception of an appeal

7    based on a claim that defendant's guilty plea was involuntary, by

8    pleading guilty defendant is waiving and giving up any right to

9    appeal defendant's conviction on the offense to which defendant is

10   pleading guilty.  Defendant understands that this waiver includes,

11   but is not limited to, arguments that the statute to which defendant

12   is pleading guilty is unconstitutional, and any and all claims that

13   the statement of facts provided herein is insufficient to support

14   defendant's plea of guilty.

15             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16        18.  Defendant agrees that, provided the Court imposes a term of

17   imprisonment within or below the range corresponding to an offense

18   level of 23 and the criminal history category calculated by the

19   Court, defendant gives up the right to appeal all of the following:

20   (a) the procedures and calculations used to determine and impose any

21   portion of the sentence, (b) the term of imprisonment imposed by the

22   Court; (c) the fine imposed by the Court, provided it is within the

23   statutory maximum; (d) to the extent permitted by law, the

24   constitutionality or legality of defendant's sentence, provided it is

25   within the statutory maximum; (e) the amount and terms of any

26   restitution order, provided it requires payment of no more than

27   $3,800,000.00; (f) the term of probation or supervised release

28   imposed by the Court, provided it is within the statutory maximum;

                                   14

and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

15

1  that such defenses existed as of the date of defendant's signing this

2  agreement.

3                    EFFECTIVE DATE OF AGREEMENT

4       21.  This agreement is effective upon signature and execution of

5  all required certifications by defendant, defendant's counsel, and an

6  Assistant United States Attorney.

7                        BREACH OF AGREEMENT

8       22.  Defendant agrees that if defendant, at any time after the

9  signature of this agreement and execution of all required

10 certifications by defendant, defendant's counsel, and an Assistant

11 United States Attorney, knowingly violates or fails to perform any of

12 defendant's obligations under this agreement ("a breach"), the USAO

13 may declare this agreement breached.  All of defendant's obligations

14 are material, a single breach of this agreement is sufficient for the

15 USAO to declare a breach, and defendant shall not be deemed to have

16 cured a breach without the express agreement of the USAO in writing.

17 If the USAO declares this agreement breached, and the Court finds

18 such a breach to have occurred, then: (a) if defendant has previously

19 entered a guilty plea pursuant to this agreement, defendant will not

20 be able to withdraw the guilty plea, and (b) the USAO will be

21 relieved of all its obligations under this agreement.

22      23.  Following the Court's finding of a knowing breach of this

23 agreement by defendant, should the USAO choose to pursue any charge

24 that was either dismissed or not filed as a result of this agreement,

25 then:

26           a.   Defendant agrees that any applicable statute of

27 limitations is tolled between the date of defendant's signing of this

28 agreement and the filing commencing any such action.

16

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

24.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

17

1   sentence, and (c) argue on appeal and collateral review that the

2   Court's Sentencing Guidelines calculations and the sentence it

3   chooses to impose are not error, although each party agrees to

4   maintain its view that the calculations in paragraph 12 are

5   consistent with the facts of this case.  While this paragraph permits

6   both the USAO and defendant to submit full and complete factual

7   information to the United States Probation and Pretrial Services

8   Office and the Court, even if that factual information may be viewed

9   as inconsistent with the facts agreed to in this agreement, this

10  paragraph does not affect defendant's and the USAO's obligations not

11  to contest the facts agreed to in this agreement.

12      26.  Defendant understands that even if the Court ignores any

13  sentencing recommendation, finds facts or reaches conclusions

14  different from those agreed to, and/or imposes any sentence up to the

15  maximum established by statute, defendant cannot, for that reason,

16  withdraw defendant's guilty plea, and defendant will remain bound to

17  fulfill all defendant's obligations under this agreement.  Defendant

18  understands that no one -- not the prosecutor, defendant's attorney,

19  or the Court -- can make a binding prediction or promise regarding

20  the sentence defendant will receive, except that it will be within

21  the statutory maximum.

22                    NO ADDITIONAL AGREEMENTS

23      27.  Defendant understands that, except as set forth herein,

24  there are no promises, understandings, or agreements between the USAO

25  and defendant or defendant's attorney, and that no additional

26  promise, understanding, or agreement may be entered into unless in a

27  writing signed by all parties or on the record in court.

28

                                18

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          4/3/2023
BRADLEY E. MARRETT                        _____
Assistant United States Attorney          Date

_____          Mar 30, 2023
ANTON NGUYEN                              _____
Defendant                                 Date

_____          3/30/2023
ELIOT KRIEGER                             _____
Attorney for Defendant                    Date
ANTON NGUYEN


CERTIFICATION OF DEFENDANT

This agreement has been read to me in Vietnamese, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

19

1  Sentencing Guidelines provisions, and of the consequences of entering
2  into this agreement.   No promises, inducements, or representations of
3  any kind have been made to me other than those contained in this
4  agreement.   No one has threatened or forced me in any way to enter
5  into this agreement.   I am satisfied with the representation of my
6  attorney in this matter, and I am pleading guilty because I am guilty
7  of the charge and wish to take advantage of the promises set forth in
8  this agreement, and not for any other reason.

9
10  _____        _____
    ANTON NGUYEN                      Date  Mar 30, 2023
    Defendant
11
12
13              CERTIFICATION OF INTERPRETER
14      I, Philong Mai_____, am fluent in the written and spoken
15  English and Vietnamese languages.   I accurately translated this
16  entire agreement from English into Vietnamese to defendant ANTON
17  NGUYEN on this date.
18  _____        _____
19  INTERPRETER                       Date  Mar 30, 2023
20
21          CERTIFICATION OF DEFENDANT'S ATTORNEY
22      I am ANTON NGUYEN's attorney.   I have carefully and thoroughly
23  discussed every part of this agreement with my client.   Further, I
24  have fully advised my client of his rights, of possible pretrial
25  motions that might be filed, of possible defenses that might be
26  asserted either prior to or at trial, of the sentencing factors set
27  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
28

                              20

provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____         3-30-23
ELIOT KRIEGER                            Date
Attorney for Defendant
ANTON NGUYEN